Henry Epstein, J.
This is a motion on behalf of Joan W. Kesseler, the mother of an infant, Heidi Kesseler, for a de novo hearing in order to have the prior award of custody of said infant changed. The sole basis for this application seems to be that the mother was successful in defending a divorce action against her on the ground of adultery. Nothing is shown on which this court can find reason for such change of custody. Quite the contrary:
Since September, 1958, Heidi has been “ under intensive psychiatric treatment ” by Dr. Harry Luloff, a practicing medical and psychiatric specialist. His report to this court under date *499 of June 25, 1959, states that since Easter 1959 “ Mrs. Kesseler has not had Heidi visit her at all. On several occasions when Heidi went to her mother’s homes, Mrs. Kesseler was not ready to see Heidi. Through the closed door, Heidi was asked to wait for her mother in the lobby of the building”. Dr. Luloff relates the effects of the mother’s actions and the child’s reactions on her schoolwork.
The doctor, having a proper regard for the child’s physical and mental well-being, strongly recommends that the mother’s visitation “ be limited to once per month so that the impact of such visitation on Heidi will be minimized.” In the light of this case history and the background already reviewed in the prior proceedings, it would be a grave mistake to allow this mother to further injure Heidi’s health.
The motion for further hearings on custody is denied. If, after school resumes in September, the disturbing factors caused by the mother continue, visitation may be further restricted, as recommended by Dr. Luloff.
In the supplemental affidavit of counsel for Mrs. Kesseler, an application is made for an order to compel Dr. Kesseler to pay the costs of an appeal and for counsel fees. No such application is in the motion papers, but, considering such affidavit as making the application, it is denied.
The papers on this motion and the report from Dr. Luloff are important for consideration on any appeal dealing with the custody provisions and should be part of such record on appeal.
Order signed.